UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WOOLERY & CO. PLLC,

                Plaintiff,

   -against-

4M INVESTMENTS, LLC and TED B. MILLER, JR.,

                Defendants.
-------------------------------------------------------X

Case No.: 1:25-cv-00985-MKV

# DECLARATION OF TED B. MILLER, JR.
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE
## <u>AMENDED VERIFIED COMPLAINT</u>

In accordance with 28 U.S.C. § 1746, I, Ted B. Miller, Jr., declare as follows:

1. I make this declaration to provide relevant information in connection with Defendants' Motion to Dismiss the Amended Verified Complaint. I am over the age of 21 years old, have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

2. I have reviewed the allegations in Plaintiff's Amended Verified Complaint.

3. I am, and at all pertinent times have been, domiciled in Harris County, Texas, and a resident and citizen of Texas.

4. I am, and at all pertinent times have been, the sole member and President of 4M Investments, LLC ("4M Investments").

5. 4M Investments is a Delaware limited liability company with its principal place of business located at 7800 Washington Avenue, Suite 700, Houston, Texas 77007.

6. Neither 4M Investments nor I have any offices, places of business, or other facilities in New York. We do not regularly travel to New York for business, conduct any business in New

York, advertise in New York, make any investments in companies located in New York, or own any property in New York.

7. I am the co-founder and former Executive Chairman and Chief Executive Officer of Crown Castle Inc. ("Crown Castle"), a publicly traded, Houston-based company incorporated under Delaware law.

8. I have known James C. Woolery, the principal of Plaintiff Woolery & Co. PLLC ("Woolery & Co."), for over 20 years. We first met when Mr. Woolery was an associate at Cravath, Swaine & Moore LLP during the course of the law firm's representation of my then-company, Crown Castle.

9. Prior to executing the engagement agreement relevant to this case, Mr. Woolery (and Woolery & Co. by and through its agent Mr. Woolery) sent me multiple emails soliciting my business in Texas:

(a) On November 19, 2020, Mr. Woolery sent an email to me announcing the launch of Woolery & Co, linking to the Woolery & Co. website, and attaching "V-cards" with his contact information. A true and correct copy of this correspondence is attached hereto as Exhibit A.

(b) A year later, on November 23, 2021, Mr. Woolery emailed me again, this time announcing Woolery & Co's most recent deal in "the corporate venture capital and direct investing space." A true and correct copy of this correspondence is attached hereto as Exhibit B.

(c) A few months later, on January 28, 2022, Mr. Woolery emailed me again, this time announcing that Woolery & Co had served as legal advisor to Breeze Holdings Acquisition Corp. in a successful combination with another entity. A true and correct copy of this correspondence is attached hereto as Exhibit C.

(d) On April 26, 2022, Mr. Woolery emailed me again, this time sharing a "Fortune article featuring Woolery & Co[.]" A true and correct copy of this correspondence is attached hereto as Exhibit D.

(e) Several months later, on December 12, 2022, Woolery & Co. emailed me, sharing a link to an M&A podcast on which Matt Saur, co-founder of Woolery & Co., was featured. A true and correct copy of this correspondence is attached hereto as Exhibit E.

(f) On April 6, 2023, Mr. Woolery again emailed me. This email read as follows: "Ted, Hope you're having a great start to spring. We recently put together the attached Case Study deck, highlighting our recent matters, their diversity and application. The format showcases (1) the types of transactions / situations where we can come in and make a difference and (2) our value add as a firm. Wanted to send your way so that you have some further context on how we can be helpful to your clients in achieving their important objectives. Best, Jim[.]" The first case highlighted in the slide deck involved a Texas oil and gas company. Further, the slide deck included client commentary referring to Mr. Woolery as "The best businessman who happens to be a lawyer I have ever met[.]" A true and correct copy of this correspondence is attached hereto as Exhibit F.

10. By 2023, I became concerned about the future of Crown Castle and believed that its shareholders deserved better leadership, as evidenced by Crown Castle's poor shareholder returns relative to its peers and the overall market. Along with others, I decided to take action. After receiving those emails from Mr. Woolery soliciting my and 4M Investment's business in Texas, in around August 2023, Mr. Woolery and I began discussing how he and his firm could assist with these goals.

11. On September 12, 2023, 4M Investments entered into an engagement agreement with Woolery & Co. in which Woolery & Co. agreed to provide strategic legal and other advice in connection with a Crown Castle proxy solicitation (the "Engagement Agreement," a true and correct copy of which is attached as Exhibit G). I signed the Engagement Agreement in my capacity as President of 4M Investments while I was in Texas.

12. In November 2023, Mr. Woolery came to Houston, Texas to meet with 4M Investment's principals, including me. During this meeting, we discussed the scope of the legal representation and agreed to amend the Engagement Agreement to increase certain fees. All payments were made as required under the Engagement Agreement through April 2024. Woolery & Co. and/or Mr. Woolery invoiced 4M Investments in Texas, and all payments made to Woolery & Co. were made from Texas.

13. The Engagement Agreement focused on legal and strategic advice to be received, relied on, and acted upon in Texas. Given this, and the fact that the Engagement Agreement did not include a forum selection clause, I understood that any dispute arising from the Engagement Agreement could be resolved in Texas, the home state of both myself and 4M Investments.

14. The purpose of the engagement, and the first service described in the Engagement Agreement, was to provide advice with respect to the formation of a Special Purpose Vehicle (Boots Capital Management, LLC ("Boots Capital") – headquartered in Texas and made up solely of Texas citizens) for the purpose of investing in Crown Castle.

15. Woolery & Co. was also tasked with seeking investors for Boots Capital. As part of Woolery & Co.'s performance of this obligation, Mr. Woolery contacted at least one Texas company, Deason Capital Services, LLC ("Deason Capital"), based in Dallas, Texas, in an attempt

4

to entice them into partnering in the Boots Capital business enterprise. Mr. Woolery had a pre-existing relationship with Deason Capital and contacted it in Texas on 4M Investment's behalf.

16. In connection with the Crown Castle proxy solicitation, Boots Capital and I also filed a complaint in the Delaware Chancery Court seeking to invalidate a cooperation agreement between Crown Castle's Board of Directors and another party (the "Delaware Litigation"). Mr. Woolery served as counsel to Boots Capital and me in that action, in addition to other law firms who were our primary counsel.

17. Finally, all circumstances related to this action – Woolery & Co.'s pursuit of advancement of the attorney's fees it incurred in a fee dispute under the Engagement Agreement – have happened and continue to happen in Texas.

(a) On May 15, 2024, Woolery & Co. issued Boots Capital an invoice for $2,107,250 in Texas for all legal services allegedly performed in connection with the Delaware Litigation (the "May 2024 Invoice"). The May 2024 Invoice was disputed for multiple reasons, including because it was issued to a party – Boots Capital – who never entered into an engagement agreement with Woolery & Co. and, in any event, was unreasonable.

(b) On November 5, 2024, Boots Capital, 4M Investments, 4M Management Partners, LLC ("4M Management," which is another Delaware company with its principal place of business in Houston, Texas that I own), and I filed suit against Mr. Woolery and Woolery & Co. in state court in Harris County, Texas, seeking a declaratory judgment that 4M Investments was the only party with an engagement agreement with Woolery & Co. and that no party is liable, at law or in equity, for the May 2024 Invoice (the "Texas Litigation").

(c) In response, Mr. Woolery and Woolery & Co. hired counsel in Texas and initiated a letter-writing campaign with my lawyers in Texas, terminating the Engagement

Agreement, seeking to collect on the May 2024 Invoice, and demanding advancement of their attorney's fees to defend against the Texas Litigation pursuant to the Engagement Agreement.

(d) On December 30, 2024, Mr. Woolery and Woolery & Co. removed the Texas Litigation to the District Court in the Southern District of Texas (the "SDTX District Court") and subsequently sought permission to bring counterclaims against me, 4M Investments, 4M Management, and Boots Capital for payment of the May 15 Invoice.

(e) On February 3, 2025, we filed an amended complaint in the Texas Litigation and the litigation remains ongoing in the SDTX District Court.

18. I have met with Mr. Woolery in New York on only a single occasion related to this engagement. In December 2023, Mr. Woolery accompanied me and my colleagues to a meeting with a potential investor in Boots Capital. This meeting had nothing to do with the underlying dispute at issue in this case nor with the May 2024 Invoice at issue in the Texas Litigation.

19. I am the sole member of 4M Investments and am authorized to make this declaration on behalf of the company. I serve as custodian of records for 4M Investments. The documents attached to this declaration are business records of 4M Investments. They were created and maintained in the regular course of business, and it is the regular practice of 4M Investments to keep and maintain such records. The records were made at or near the time, by a person with knowledge of the matters recorded. The copies attached hereto are originals or exact copies of originals.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 7th day of April, 2025.

Signature: _____
Ted B. Miller, Jr.
President
4M Investments, LLC